## E. H. O'Daniel, et al., v. Commonwealth.

**Forfeited Recognizance—Suit on Weight of Evidence—Statute.**
> Where the evidence in a trial to recover on a forfeited recognizance is conflicting, the court of appeals will affirm the judgment of the lower court, for when the law and evidence is submitted to the trial court his finding has the same effect as the verdict of a jury.

**Statute.**

> Pursuant to Crim. Code, § 94, if the defendants in a suit on a forfeited recognizance before judgment is entered surrender the defendant into court, the court has power to remit the whole or a part of the sum named in the bail bond; but setting up in an answer that they are willing to arrest the accused is not equivalent to actual surrender.

APPEAL FROM MARION CIRCUIT COURT.

October 8, 1874.

OPINION BY JUDGE PETERS:

Upon the return of these causes from this court, appellants filed a joint answer, which, by agreement was to be taken as their answer in both cases, and they were heard together, the law and facts having been submitted to the court.

In the answer, after reciting much irrelevant and immaterial matter, it is alleged in substance that Flanagan, the prosecutor, caused P. B. O'Daniel to be arrested on the charge of forgery in two cases, first that he had forged the names of Thomas Sherkcliff and E. H. O'Daniel as his sureties to a note to said Flanagan for $600.00, and second, that he had forged the names of E. H. O'Daniel, Joseas O'Daniel, and C. M. O'Daniel as his sureties to a note to said Flanagan for $1,000; that said P. B. O'Daniel was taken before C. A. Johnston, police judge of Lebanon, and by him placed in custody of said Flanagan as guard; that while said P. B. O'Daniel was in the custody of said Flanagan, and greatly intoxicated, Flanagan caused his deposition to be taken, and he proved that the persons whose names appeared on said notes as his sureties, authorized him to sign their names; and that said appellants signed said bail bonds to release P. B. O'Daniel from the confinement caused by said Flanagan; that after said Flanagan had taken the deposition of said P. B. O'Daniel as aforesaid, and had procured said bail bonds, and had abandoned the prosecution, E. H. O'Daniel and Thomas Sherkcliff having been summoned as witnesses to appear before said police judge at the time fixed, did attend and were ready to prove that their names were forged to said notes, but that Flanagan did not attend to prosecute, nor did P. B. O'Daniel attend in discharge of his recognizance.

The appellants further allege that P. B. O'Daniel is a resident of the county of Marion, had been in the presence of said police judge repeatedly since the forfeiture of his recognizance, was on the jury at the last term of the Marion Circuit Court, has never been indicted,

nor further prosecution for the alleged offenses, can be produced in court at any hour, and that they will produce him in court to answer said charges when made. They allege that said prosecutions against P. B. O'Daniel were gotten up by Flanagan, to extort from him the money on an unjust debt; that said P. B. O'Daniel was then in court as a witness for Flanagan, to prove that the persons whose names appear on said notes as sureties authorized him to sign their names, suit having been brought against them on said notes; that the commonwealth had lost nothing, as said P. B. O'Daniel could be at any time produced.

A jury having been dispensed with, the court rendered judgment against the appellants in each case; and this court is now asked to reverse those judgments.

On the trial some singular developments were made, but as the civil cases are yet to be tried, we forbear any comments on them, and content ourselves by saying that the evidence on the issues presented in the answer is conflicting, and in such cases this court cannot interpose, as the conclusions of the judge, when the law and facts are submitted to him, must have the same effect as the verdict of a jury.

Sec. 94, Crim. Code, provides that if, before judgment is entered against the bail, the defendant be surrendered or arrested, the court may, at its discretion, remit the whole or part of the sum specified in the bail bond. If instead of merely saying P. B. O'Daniel was in court, appellants had surrendered him into court to answer to the charge, that course might have satisfied the court and ended the proceeding; but as appellants failed to adopt that course, and judgments have gone against them, this court has no power to relieve them.

Wherefore the judgment must be *affirmed*.

*Thomas & Russell and Avitt, for appellants.*
*John Rodman, T. N. Lindsey, for appellee.*